**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**FRANCIS POLIANDRO HEATH**, on behalf of
herself and all others similarly situated,

Plaintiff,

- against -

**CITIGROUP GLOBAL MARKETS INC.** f/k/a
**SALOMON SMITH BARNEY INC.,**

Defendant.

---



**06 CV 3458**

Index No. _____

**CLASS ACTION COMPLAINT**

RECEIVED
MAY 0 5 2006
U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiff, Francis Poliandro Heath ("Plaintiff" or "Heath"), by her attorneys, Folkenflik

& McGerity and Schrader & Israely, LLP, for herself, and on behalf of all others similarly

situated, on information and belief, except for those allegations which pertain to the named

Plaintiff or to her attorneys which are alleged on personal knowledge, alleges as follows:

### SUMMARY OF CLAIMS

1.  This is a Class Action brought on behalf of Plaintiff, who worked for CitiGroup

Global Markets, Inc., or its predecessors, including Salomon Smith Barney, Inc. ("Smith

Barney" or "Defendant") as a sales representative, and securities broker, and a class of

similarly-situated persons who are or were at all relevant times employed by Smith Barney

as trainees, brokers, salesmen and/or financial advisors (the "Class") in the States of New

York and New Jersey during the period six years prior to the filing of this Complaint to the

time of judgment after trial (the "Class Period").

2.  This case arises out of Defendant's knowing and intentional violation of New

York Labor Laws, New Jersey Labor Laws and the Federal Fair Labor Standards Act

through improper deductions from employee's wages and the failure to pay overtime as required by law.

3.      Defendant violated New York Labor Law §193 and New Jersey Wage and Hours Law §34:11-56a4 by impermissibly deducting monies from Plaintiff's and the Class's compensation to pay for support staff and other overhead expenses.

4.      Defendant violated New York State Labor Department's Codes, Rules and Regulations ("NYCRR") Ch. 12 §142-2.2, and the New Jersey Wage and Hours Law §34:11-56a4, and Federal Fair Labor Standards Act, 29 U.S.C. §207, each of which requires employers to pay employees, including commission-based employees such as Plaintiff and the Class, overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek. When employees are paid on commission, as was the case for Plaintiff and the Class, those commissions are, as a matter of law, deemed to be paid for a 40-hour week.

5.      As a result of Defendant's violation of the New York and Federal labor laws, Plaintiff and the Class were grossly under-compensated for their work.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, the Federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and 28 U.S.C. §1367(a) as to the claims arising under state law.

7.      This Court also has subject matter jurisdiction over all claims pursuant to the Class Action Fairness Act of 2005. That Act provides, in relevant part, that: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class

2

action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Upon information and belief, the amount in controversy is greater than $5,000,000.00.

8.    The Southern District of New York is proper venue under 28 U.S.C.A. §1391(b)(1) because Defendant's principal place of business is in the Southern District of New York.

## PARTIES

9.    Plaintiff is a resident of New Jersey. She was first employed as a sales representative and later as a securities broker by Defendant in 1982, and but for a period of other employment, worked for Defendant through 2001. Plaintiff has been licensed by the National Association of Securities Dealers as a securities broker holding licenses Series 6, 7 and 63, and is licensed to sell insurance products under license Series 65. As a securities broker, Plaintiff's primary duty was the sale of financial products to clients of Defendant, and she was compensated solely on the basis of commissions earned in the sales of such products.

10.    Plaintiff regularly worked 50-60 hours per week.

11.    Defendant CitiGroup Global Markets Inc. ("CGMI") is one of the principal operating subsidiaries of "Citigroup Inc." (CitiGroup, Inc., a publicly-traded holding company, is not a defendant herein. Defendant CGMI is a wholly-owned subsidiary, either directly or indirectly, of both CitiGroup, Inc. and CitiGroup Global Markets Holdings Inc., which also is not a defendant herein). Defendant CGMI is a registered broker-dealer, a member of the New York Stock Exchange (as well as other exchanges) and one world's largest full-service broker-dealers, asset management and financial advisory companies.

3

12.     Defendant CGMI is a New York corporation with its headquarters in the State of New York at 399 Park Avenue in the City and County of New York.

13.     Defendant Salomon Smith Barney Inc. ("Smith Barney") was the predecessor in interest to CGMI and was one of the CitiGroup, Inc.'s principal broker-dealer operating subsidiaries during the early part of the Class Period.  Smith Barney similarly was a registered broker-dealer and one of the world's largest full-service broker-dealers and financial advisory companies.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23.  The Classes that Plaintiff seeks to represent is composed of all employees of Defendant in New York and New Jersey who were trainees, salesmen, brokers and financial advisors during the Class Period.

15.     The Classes are composed of thousands of individuals, the joinder of whom in one action is impracticable, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and the Court.  Each Class is sufficiently numerous since it is estimated that thousands of people in each Class were employed by Defendant to sell securities to individual and institutional clients during the Class Period.

16.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including the following:

As to the New York Class:

(1)     whether Defendant deducted monies from its employees' wages to pay for support staff and other overhead expenses in violation of N.Y. Labor Law §193;

4

(2)    whether Defendant failed to adequately compensate its employees for overtime hours worked as required by 12 NYCRR §142-2.2;

As to the New Jersey Class:

(3)    whether Defendant deducted monies from its employees' wages to pay for support staff and other overhead expenses in violation of NJ Stat. §34:11-4.

(4)    whether Defendant failed to adequately compensate its employees for overtime hours worked as required by NJ State 34:1-56a4.

As to Both Classes:

(5)    whether Defendant failed to adequately compensate its employees for overtime hours worked as required by and Federal Labor Standards Act 29 U.S.C. §207

(6)    whether the Class has been damaged and, if so, the extent of such damages.

17.    As an employee of Defendant, who was not compensated at the legally required rate for overtime hours worked, and from whom Defendant made improper deductions from her compensation, Plaintiff is asserting claims that are typical of the claims of each Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interest antagonistic to those of the other members of either Class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

18.    Plaintiff and the other members of each Class have suffered damages as a result of Defendant's unlawful conduct.  Because of the size of the individual Class

5

Member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. A Class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, each Class member likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violation of NY Labor Law §193, 12 NYCRR §142-2.2, N.J. Stat. §34:11-4, and 29 U.S.C. §207.

## FACTUAL BACKGROUND

19.     Defendant sells securities and financial products with offices nationwide.

20.     Defendant made unlawful deductions from the wages paid to Plaintiff and the Class for expenses which were, as a matter of law, the employer's overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendant, (b) deductions for amounts paid to the broker's secretary or sales assistant(s) for doing the business of Defendant communicating with customers, (c) deductions for marketing materials promoting Defendant's business, (d) deductions for sales leads, (e) deductions for certain fees charged by mutual funds pursuant to Rule 12(i)(1), and (f) deductions for "broken trades." A "broken trade" is where a customer challenged a transaction done for his benefit by the securities broker and the trade was cancelled. On information and belief, where the cancellation of the transaction resulted in a loss, Defendant deducted the amount of any loss from the commissions due the security broker, both for the actual losses incurred by the customer and any commission paid on that transaction. However, if the cancellation of the transaction resulted in a gain on the transaction, Defendant kept the gain for itself. In addition to the foregoing, Defendant has made further unlawful deductions which Plaintiff will identify through discovery and at trial.

6

21.   Plaintiff and each securities broker or sales representative Class member

was an inside sales person who Defendant paid solely on a commission basis without any

premium for overtime pay as required by law.

## FIRST CAUSE OF ACTION
(The New York Class)
Impermissible Deductions from Employees' Wages
(New York Labor Law §193)

22.   Plaintiff incorporates by reference all of the allegations of all prior paragraphs

as though fully set forth herein.

23.   New York Labor Law expressly prohibits employees to make unauthorized

deductions from employees' wages.

24.   New York Labor Law §193 provides:

**Deductions from wages:**

1. No employer shall make any deduction from the wages of
an employee, except deductions which:

a.  are made in accordance with the provisions of any
law  or  any  rule  or  regulation  issued  by  any
governmental agency; or

b.  are expressly authorized in writing by the employee
and are for the benefit of the employee; provided that
such authorization is kept on file on the employer's
premises.  Such authorized deductions shall be limited
to payments for insurance premiums, pension or health
and welfare benefits, contributions to charitable
organizations, payments for United States bonds,
payments  for  dues  or  assessments  to  a  labor
organization, and similar payments for the benefit of the
employee.

2.  No employee shall make any charge against wages, or
require  an  employee  to  make  any  payment  by  separate
transaction unless such charge or payment is permitted as a

7

> deduction from wages under the provisions of subdivision one
> of this section.

N.Y. Lab. Law §193 (Consol. 2004).

25.    Section 193 prohibits deductions from employee's wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee," and (2) are the same or similar to the limited enumerated categories of permissible deductions.

26.    Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law §190(1) (Consol. 2004).

27.    Deductions of overhead expenses, identified in paragraph 18 of this Complaint, provide a direct benefit to the employer, and either benefits the employer to a greater extent than the employee, or only indirectly benefits the employee, if at all. Furthermore, payment of these employer's overhead expenses certainly may not be likened to deductions for employee insurance or employee investment programs that are acceptable under the statute.

28.    Thus, the deductions at issue violate Section 193 because they are neither for the benefit of the employee nor of a similar type of deduction allowable under the statute.

29.    Plaintiff and the Class have been damaged by unlawful deductions in an amount to be proven at trial, but no less than $50 million.

8

## SECOND CAUSE OF ACTION
(The New York Class)
Restitution for Failure to Pay Overtime to Securities Brokers
(Violation of 12 NYCRR §142-2.2)

30.    Plaintiff repeats and realleges each and every allegation of all prior paragraphs as if fully set forth herein.

31.    12 NYCRR §142-2.2 provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . .

NYCRR §142-2.2 (2005).

32.    An employee is defined as "any person employed for hire by an employer in any employment." N.Y. Lab. Law. §190 (2005).

33.    Plaintiff and all other securities brokers employed by Defendant during the Class Period regularly worked more than 40 hours per week, and were compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of 40 hours.

34.    Thus, a  securities broker is categorized as a "commission salesman" employee under the New York Labor Law.  A commission salesman is defined as "any employee whose principle activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Lab. Law §190; *In the Matter of Dean Witter Reynolds Inc. v. Ross,* 75 A.D.2d 373, 377 (1980).

35.    The burden to show that its employee falls within an exemption to the requirement to pay overtime is on the Defendant.

9

36.     There are no exemptions applicable to Plaintiff and Class members.

37.     As a result of Defendant's failure to pay overtime, Plaintiff and the Class were

damaged in an amount to be proven at trial, but no less than $200 million.

### THIRD CAUSE OF ACTION
(The New Jersey Class)
Impermissible Deductions from Employees' Wages
(New Jersey Wage and Hours Law §34:11-4)

38.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs

as though fully set forth herein.

39.     New Jersey Wage and Hours Law expressly prohibits employees to make

unauthorized deductions from employees' wages.

40.     New York Wage and Hours Law § 34:11-4 provides:

Withholding from wages

No employer may withhold or divert any portion of an
employee's wages unless:

a. The employer is required or empowered to do so by New
Jersey or United States law; or

b. The amounts withheld or diverted are for:

(1) Contributions authorized either in writing by employees, or
under a collective bargaining agreement, to employee welfare,
insurance, hospitalization, medical or surgical or both, pension,
retirement, and profit-sharing plans, and to plans establishing
individual retirement annuities on a group or individual basis,
as defined by section 408 (b) of the federal Internal Revenue
Code of 1986 (26 U.S.C.s.408(b)), or individual retirement
accounts at any State or federally chartered bank, savings
bank, or savings and loan association, as defined by section
408 (a) of the federal Internal Revenue Code of 1986 (26
U.S.C.s.408(a)), for the employee, his spouse or both.

(2) Contributions authorized either in writing by employees, or
under a collective bargaining agreement, for payment into

10

company-operated thrift plans; or security option or security purchase plans to buy securities of the employing corporation, an affiliated corporation, or other corporations at market price or less, provided such securities are listed on a stock exchange or are marketable over the counter.

(3) Payments authorized by employees for payment into employee personal savings accounts, such as payments to a credit union, savings fund society, savings and loan or building and loan association; and payments to banks for Christmas, vacation, or other savings funds; provided all such deductions are approved by the employer.

(4) Payments for company products purchased in accordance with a periodic payment schedule contained in the original purchase agreement; payments for employer loans to employees, in accordance with a periodic payment schedule contained in the original loan agreement; payments for safety equipment; payments for the purchase of United States Government bonds; and payments to correct payroll errors; provided all such deductions are approved by the employer.

(5) Contributions authorized by employees for organized and generally recognized charities; provided the deductions for such contributions are approved by the employer.

(6) Payments authorized by employees or their collective bargaining agents for the rental of work clothing or uniforms or for the laundering or dry cleaning of work clothing or uniforms; provided the deductions for such payments are approved by the employer.

(7) Labor organization dues and initiation fees, and such other labor organization charges permitted by law.

(8) Contributions authorized in writing by employees, pursuant to a collective bargaining agreement, to a political committee, continuing political committee, or both, as defined in section 3 of P.L.1973, c.83 (C.19:44A-3), established by the employees' labor union for the purpose of making contributions to aid or promote the nomination, election or defeat of any candidate for a public office of the State or of a county, municipality or school district or the passage or defeat of any public question, subject to the conditions specified in section 2 of P.L.1991, c.190 (C.34:11-4.4a).

11

(9)  Contributions authorized in writing by employees to any political committee or continuing political committee, other than a committee provided for in paragraph (8) of this subsection, for the purpose of making contributions to aid or promote the nomination, election or defeat of any candidate for a public office of the State or of a county, municipality or school district or the passage or defeat of any public question, subject to the conditions specified in section 2 of P.L.1991, c.190 (C.34:11-4.4a); in making a payroll deduction pursuant to this paragraph the administrative expenses incurred by the employer shall be borne by such committee, at the option of the employer.

(10)   Payments authorized by employees for employer-sponsored programs for the purchase of insurance or annuities on a group or individual basis, if otherwise permitted by law.

(11)  Such other contributions, deductions and payments as the Commissioner of Labor may authorize by regulation as proper and in conformity with the intent and purpose of this act, if such deductions are approved by the employer.

N.J. Stat. § 34:11-4.4

41.   Under § 34:11-4.14 the Wage and Hours Law also provides:

Unlawful diverting of wages

a.  It shall be unlawful for any person to purchase or have assigned to him, other than by order of court, any salary, wages, commissions, pay or other compensation for services, or any part thereof, due or to become due to any employee and any purchase or assignment, whenever executed, shall be void. It shall also be unlawful for any person to withhold or to pay to any other person on the basis of any assignment or purchase prohibited by this section any salary, wages, commissions, pay or other compensation due to any employee.

b.  Any person who violates this section, or attempts to do so, shall be liable to the employee for the amount of the salary, wages, commissions, or other compensation for services withheld from the employee.

c.  Nothing contained in this section shall be construed to make unlawful the withholding or diverting of wages by any

12

employer in accordance with section 4 of P.L. 1965, c. 173 (C. 34:11-4.4).

N.J. Stat. § 34:11-4.14

42.    Wages are defined as "direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. § 34:11-4.1.

43.    Deductions of overhead expenses, identified in paragraph 18 of this Complaint, provide a direct benefit to the employer, and either benefits the employer to a greater extent than the employee, or only indirectly benefits the employee, if at all. None of the deductions identified in paragraph 18 are authorized by the Wage and Hours law and are therefore illegal.

44.    Plaintiff and the Class have been damaged by unlawful deductions in an amount to be proven at trial, but no less than $50 million.

## FOURTH CAUSE OF ACTION
(The New Jersey Class)
Restitution for Failure to Pay Overtime to Securities Brokers
(Violation of NJ Stat. §34:11-56a4)

45.    Plaintiff repeats and realleges each and every allegation of all prior paragraphs as if fully set forth herein.

46.    §34:11-56a4 provides:

Minimum wage rate; exemptions

13

> Every employer shall pay to each of his employees wages at
> a rate . . . 1 ½ times such employee's regular hourly wage for
> each hour of working time in excess of 40 hours in any week,
> except this overtime rate shall no t include any individual
> employed in a *bona fide* executive, administrative, or
> professional capacity or, if an applicable wage order has been
> issued by the commissioner under section 17 (C. 34:11-56a16)
> of this act, not less than the wages prescribed in said order.
> The wage rates fixed in this section shall not be applicable to
> part-time employees primarily engaged in the care and tending
> of children in the home of the employer, to persons under the
> age of 18 not possessing a special vocational school graduate
> permit issued pursuant to section 15 of P.L. 1940, c. 153 (C.
> 34:2-21.15), or to persons employed as salesmen of motor
> vehicles, or to persons employed as outside salesmen as such
> terms shall be defined and delimited in regulations adopted by
> the commissioner, or to persons employed in a volunteer
> capacity and receiving only incidental benefits at a county or
> other agricultural fair by a nonprofit or religious corporation or
> a nonprofit or religious association which conducts or
> participates in that fair.

N.J. Stat. §34:11-56a4.

47.     An employee is defined as "any person suffered or permitted to work by an

employer, except that independent contractors and subcontractors shall not be considered

employees."  N.J. Wage and Hours Law. § 34:11-4.1(b).

48.     An employer is defined as

> "any individual, partnership, association, joint stock company,
> trust, corporation, the administrator or executor of the estate of
> a deceased individual, or the receiver, trustee, or successor of
> any of the same, employing any person in this State.
>
> For the purposes of this act the officers of a corporation and
> any agents having the management of such corporation shall
> be deemed to be the employers of the employees of the
> corporation."

N.J. Stat. Law. §34:11-4.1(a).

14

49.     Plaintiff and all other securities brokers, trainees, salesmen and other members of the class were employed by Defendant during the Class Period regularly worked more than 40 hours per week, and were compensated on a straight commission basis with no base salary, or on a base salary, but, in each case, were based on a 40-hour week with no premium pay for hours worked in excess of 40 hours.

50.     The burden to show that its employee falls within an exemption to the requirement to pay overtime is on the Defendant.

51.     There are no exemptions applicable to Plaintiff and Class members.

52.     As a result of Defendant's failure to pay overtime, Plaintiff and the Class were damaged in an amount to be proven at trial, but no less than $200 million.

### FIFTH CAUSE OF ACTION
(Both New York Class and New Jersey Class)
Restitution and Statutory Liquidated Damages
for Failure to Pay Overtime to Securities Brokers
(Violation of Section 207 of the Federal Fair Labor Standards Act, 29 U.S.C. §207)

53.     Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

54.     Plaintiff and all other securities brokers employed by Defendant during the Class Period regularly worked more than 40 hours per week, and were compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of 40 hours.

15

55.     Securities brokers compensated on a commission basis are not subject to

the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

56.     Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005)

provides:

> No employer shall be deemed to have violated subsection (a)
> of this section [mandate to compensate employees for
> overtime] by employing any employee of a retail or service
> establishment for a workweek in excess of the applicable
> workweek specified therein, if (1) the regular rate of pay of
> such employee is in excess of one and one-half times the
> minimum hourly rate applicable to him under section 206 of
> this title; and (2) more than half his compensation for a
> representative period (not less than one month) represents
> commissions on goods or services.

57.     Section 213 of the Federal Fair Labor Standards Act provides that the

overtime pay requirement does not apply to:

> (a)(1)  any employee employed in a *bona fide* **executive,**
> **administrative,** or **professional capacity** (including any
> employee employed in the capacity of academic administrative
> personnel or teacher in elementary school), or in the capacity
> of **outside salesman** (as such terms are defined and delimited
> from time to time by regulations of the Secretary, subject to the
> provisions of the Administrative Procedure Act . . . except than
> [that] an employee of a retail or service establishment shall not
> be excluded from the definition of employee employed in a
> bona fide executive or administrative capacity because of the
> number of hours in his workweek which he devotes to activities
> not directly or closely related to the performance of his
> executive or administrative activities, if less than 40 per centum
> of his hours worked in the workweek are devoted to such
> activities).

29 U.S.C. §213(2005) (emphasis supplied).

58.     Employees whose primary duty is to perform support services for Defendant's

customers, for which Defendant is paid, are production employees not entitled to the

administrative exemption. Specifically, the last sentence of 29 C.F.R. §541.203(b) states: "However, an employee whose primary duty is selling financial products does not qualify for the administrative exemption." Nor are brokerage firms "retail establishments" within the meaning of Section 213. 29 C.F.R. 779.317 of the regulation governing application of the Fair Labor Standards Act provides a "partial list" of establishments to which the retail concept does not apply. 29 C.F.R. §779.317 (2005). Included in that list is "brokers, custom house; freight brokers, stock or commodity brokers."

59.    The burden to show that their employee falls within an exemption is on the Defendant. The provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

60.    The professional exemption at 29 U.S.C. §213(a)(1) does not apply to the Plaintiff or Plaintiff Class members because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning. In addition, exemption for employees employed in a professional capacity is inapplicable because, as the courts have announced, Plaintiff and the Class who work on commission, and are not employed in a *bona fide* professional capacity.

61.    Section 29 C.F.R. §541.311-312 et seq., of the federal regulations make clear that in order to qualify as an employee employed in a *bona fide* professional capacity, within the meaning of 29 U.S.C. §213(a)(1) the employee must both be paid on a salary basis that guarantees him/her a predetermined amount, or on a fee basis that does not

17

vary with the price or quantity of the item sold, and the occupation must be recognized generally as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

62.     As stated in 29 C.F.R. §541.301(d) "the learned professional exemption is not available for occupations that customarily may be performed with only the general knowledge acquired by an academic degree in any field, with knowledge acquired thorough an apprenticeship" . . . . The learned professional exemption also does not apply to occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction." Although members of Plaintiff Class may hold degrees in business or accounting, many, if not most, do not, and the degree in business is a general degree rather than a degree in being a stock broker. There is no generally recognized advance degree from an institution of higher academic learning for being a stock broker of the type Plaintiff and Plaintiff Class members are. Even if there were, it is not generally required to have such a degree in order to become a stock broker employee of Defendant.

63.     The exemption in 29 U.S. C. §213 for employees employed in the capacity of outside salesmen does not apply because Plaintiff and the Class are not outside salespersons as the term is defined in Section 29 C.F.R. §541.500.

64.     29 C.F.R. §541.500 of the federal regulations defines an outside salesman as follows:

> (a)     The term "employee employed in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:
>
> (1)     Whose primary duty is:

18

      (i)      making sales within the meaning of section 3(k) of the Act, or

      (ii)     obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer, and

      (2)     Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

      (b)     The term "primary duty" is defined at §541.700. In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work. Other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employer's sales or display catalogue, planning itineraries and attending sales conferences.

29 C.F.R. §541.500 (2005).

      (b)     Because Plaintiff and the Class were employed at the Defendants' places of business, they do not qualify for the outside salesman exemption.

      (c)     There are no other exemptions applicable to Plaintiff and Plaintiff class members.

      (d)     As a result of Defendants' failure to pay overtime, Plaintiffs and the Class were damaged in an amount to be proved at trial, but no less than $200 million.

      (e)     In addition, Plaintiff and the Class are entitled to liquidated damages in an amount equal to their compensatory damages, which shall be proven at trial, but no less than $200 million, pursuant to 29 U.S.C. §216(b).

19

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the Class demand judgment as follows:

1.      On Plaintiff's First Claim for Relief, as to the New York Class, for damages in an amount to be proven at trial, but no less than $50 million;

2.      on Plaintiff's Second Claim for Relief, as to the New York Class, compensatory damages at one and one-half the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial, but no less than $200 million;

3.      on Plaintiff's Third Claim for Relief, as to the New Jersey Class, for damages in an amount to be proven at trial, but no less than $15 million;

4.      on Plaintiff's Fourth Claim for Relief, as to the New Jersey Class, compensatory damages at one and one-half the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial, but no less than $30 million;

5.      on Plaintiff's Fifth Claim for Relief, for both the New York Class and the New Jersey Class, compensatory damages at one and one-half the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial, but no less than $230 million, plus additional liquidated damages in the amount of no less than $230 million.

6.      on all Claims for Relief:

      (1)      disgorgement of profits derived from Defendant's improper use of funds due and owed Plaintiff and the two Classes;

      (2)      reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b);

20

(3)    costs of this suit;

(4)    pre- and post-judgment interest; and

(5)    such other and further relief as the Court may deem just.

Dated:     New York, New York
           May 5, 2006

                              **FOLKENFLIK & McGERITY**

                              By:_____
                                     Max Folkenflik
                              1500 Broadway, 21st Floor
                              New York, New York  10036
                              (212) 757-0400

                              **SCHRADER & ISRAELY, LLP**
                              233 Broadway, Suite 830
                              New York, New York  10279
                              (212) 937-3967

                              *Attorneys for Plaintiff*